## General Wilmington Coal Company v. Finance Company of Pennsylvania.

### Gen. No. 12,066.

1. CORPORATION—*when need not comply with act of May 26, 1897.* A foreign corporation need not comply with the act of May 26, 1897, where the business done by it in this State was that of another corporation which had duly complied with such act.

Action of debt. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed October 16, 1905.

EDMUND S. CUMMINGS, for appellant.

M. H. BOUTELLE and FRANK W. WELCH, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant in debt, on a judgment rendered in its favor against appellant in the Circuit Court of La-Crosse county in the State of Wisconsin, and recovered judgment in the Superior Court for the sum of $941.56, from which judgment this appeal is. The case was tried by the court, without a jury, by agreement of the parties. The appellant pleaded *nul tiel record, non debet* and a special plea, averring, in substance, that the plaintiff (appellee here) was a corporation organized under the laws of Pennsylvania prior to July 1, 1897, and that on said day and.

ever since, it had been doing business in this State without having filed in the office of the Secretary of State of Illinois a copy of its charter and articles of incorporation, etc., in short, that it did business in this State contrary to the provisions of the act of May 26, 1897, in force July 1, 1897, which act provides, among other things, that no foreign corporation which shall fail to comply with its provisions can maintain any action either legal or equitable in any of the courts of this State. Hurd's Rev. Stat. 1903, p. 486. The act was amended, by act approved April, 1899, in force July 1, 1899, and, as amended, contains substantially the same provision, as to the right to maintain a suit, as the original act. Hurd's Rev. Stat. 1903, p. 486. Appellant's counsel says, in his printed argument, that appellant relies solely on the provisions of the statute, so that the only question to be considered is, whether appellee was, before the suit was commenced, May 7, 1900, doing business in this State contrary to the provisions of the amendatory act in force July 1, 1899. The appellant, in support of its special plea, put in evidence a contract between the Philadelphia & Reading Coal & Iron Co. and appellee, which is too lengthy to be set out, or referred to, in all of its numerous details, in this opinion. The contract constitutes appellee the agent of the Philadelphia & Reading Coal & Iron Co. for the sale of the latter's coal, and the collection of bills for coal sold by appellee, and the transmission to the Philadelphia & Reading Co. of moneys collected by it for coal, etc., and provides for the payment to appellee of a salary for its services as such agent, and the evidence shows that appellee did business here solely as the agent of the Philadelphia & Reading Co. After careful reading and consideration of the evidence our conclusion is, that appellee's business in this State, so far as the evidence discloses, was the business of the Philadelphia & Reading Co., and that, in doing such business, it acted as the agent of that company, in pursuance of the contract in evidence. It was stipulated on the trial, that the Philadelphia & Reading Coal & Iron Co. is a corporation organ-

ized under the laws of the State of Pennsylvania, and that, prior to the happening of the matters and things on which the judgment sued on was based, it had complied with all the provisions of the act of this State with reference to foreign corporations doing business in this State. The business done in this State being that of the Philadelphia & Reading Co., compliance by it with the act of 1897, as amended, was sufficient, and such compliance was not required by appellee, its agent.

We find no reversible error in the holding or refusal of propositions presented to the court as propositions of law.

The judgment will be affirmed.

*Affirmed.*